No. 86-562

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

ROBERT H. BURKLAND and BETTY M.
BURKLAND,

        Plaintiffs and Appellants,

   -vs-

ELECTRONIC REALTY ASSOCIATES, INC.,

        Defendants and Respondents.

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable G. Todd Baugh, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Nye & Meyer; Joan Meyer Nye argued, Billings, Montana

    For Respondent:

        Crowley Law Firm; William O. Bronson argued, Billings,
        Montana

Submitted: June 17, 1987

Decided: August 17, 1987

Filed: AUG 17 1987

*Ethel M. Harrison*

Clerk

Mr. Justice R. C. McDonough delivered the Opinion of the Court.

Plaintiffs Robert and Betty Burkland appeal the August 28, 1986, order of the Thirteenth Judicial District Court, County of Yellowstone, granting summary judgment in favor of defendant Electronic Realty Associates, Inc. We reverse.

The basic issue in this case is whether the local franchisee, ERA Hannah, may be considered an ostensible agent of the franchisor, Electronic Realty Associates, Inc. (ERA, Inc.) Plaintiffs Robert and Betty Burkland purchased a home from defendants Scott and Carmen Mullen. At that time, Scott Mullen was an agent for ERA Hannah Real Estate in Billings, Montana. The sale of the Mullen home was transacted through ERA Hannah with Zane Johnson acting as the real estate broker.

After moving in, Burklands became sick from drinking the tap water which was supplied by a well on the property. The heating system broke down and had to be supplemented with wood heat. Burklands filed suit against Scott and Carmen Mullen, Elwood, Randall and Thomas Hannah d/b/a/ ERA Hannah Real Estate; and ERA, Inc. The suit alleged fraud, breach of fiduciary duty, breach of the duty of good faith and fair dealing, realtor malpractice and breach of implied warranty.

ERA, Inc. moved for summary judgment contending that there was no evidence of an agency relationship with ERA Hannah and that ERA, Inc. could not be held responsible for ERA Hannah's actions as a matter of law. The affidavit of ERA, Inc. President E.R. Gresham included the following: 1) ERA, Inc. has no ownership interest in ERA Hannah; 2) ERA, Inc. exercises no control over the management and operations of ERA Hannah; 3) ERA Hannah is independently owned and operated and must display its licensed name ERA "Hannah" in

all advertising; 4) ERA, Inc. does not share in the profits or losses of ERA Hannah but merely charges fixed fees for use of the ERA trademark and national marketing services; 5) ERA, Inc. is not a licensed real estate broker in Montana and had nothing to do with the sale to Burklands.

Burklands opposed summary judgment contending ERA Hannah's relationship with ERA, Inc. raised questions of material fact regarding the existence of actual or apparent agency. Burklands argued that ERA, Inc. requires ERA Hannah to prominently display the national logo on all advertising and materials and that they had relied on the national reputation of ERA, Inc. in purchasing the Mullen's home. Burklands did not notice the "independently owned and operated" disclaimer in ERA Hannah's listing of the Mullen home nor was it explained to them.

The District Court entered summary judgment in favor of ERA, Inc. The court found no actual or apparent agency between ERA Hannah and ERA, Inc. The court determined that Burklands did not produce evidence in support of their claim that they reasonably believed ERA Hannah was an agent of ERA, Inc.

Burklands appeal and raise the following issue: Whether the District Court erred in finding no genuine issue of material fact as to the existence of ostensible agency between ERA Hannah and ERA, Inc.?

Section 28-10-103, MCA, provides:

> An agency is either actual or ostensible. An agency is actual when the agent is really employed by the principal. An agency is ostensible when the principal intentionally or by want of ordinary care causes a third person to believe another to be his agent who is not really employed by him.

Burklands contend they relied on ERA, Inc.'s reputation in deciding to purchase the Mullen home. Betty Burkland's affidavit states in part:

> 3. I responded to Scott Mullen's ad on a house to rent. Mullen was an agent for ERA Hannah, and he persuaded us to buy their house right away. In making that investment we had faith in what the ERA Hannah representatives said, partly because we had seen TV advertising for ERA realties. We saw the big "ERA" name and ERA logo on ERA Hannah materials given to us. We trusted and relied on the reputation of that national name and company.
> 4. No Defendant ever explained to me that there was a difference or separation between ERA Hannah and the ERA I had seen advertised on TV.
> 5. I never noticed any small print in any advertisement stating that ERA was separate from ERA Hannah. No one ever called my attention to the print at any time. I was under the impression that ERA Hannah was responsible to or controlled by the ERA company I had seen advertised on TV.

The membership agreement between ERA, Inc. and ERA Hannah contains goals for shared identity. ERA Hannah is required to prominently display the ERA, Inc. trademark, yet ERA Hannah must also hold itself out to be independently owned and operated. The District Court found that the disclaimer informed third parties of the franchise relationship, and that Burklands' failure to read the disclaimer made their reliance on ERA, Inc.'s reputation unreasonable. Specifically, the court stated, "This evidence may prove that plaintiffs relied on ERA's alleged 'holding out', but it does not prove that their reliance was reasonable."

Our question is whether the district judge properly decided that the conduct of the plaintiffs was unreasonable in their failure to read the disclaimer and in their reliance upon ERA. The statements of contention of the parties give

rise that an issue of fact does exist. ERA, Inc. contends, however, that its disclaimer was sufficient and that case law in Montana and other jurisdictions clearly shows this issue was properly determined by summary judgment.

In Elkins v. Husky Oil Company (1969), 153 Mont. 157, 455 P.2d 329, a fire at a Husky stated in Laurel caused the death of a patron. Husky Oil Company was named as a defendant in the wrongful death action under a theory of ostensible agency. Plaintiff raised the issue of ostensible agency based on the Husky signs at the station and the language on the back of a Richfield Oil Company credit card stating, "This card will also be honored at service stations of the following companies . . . Husky Oil Co." This Court found these facts insufficient to raise a jury question as to ostensible agency. 153 Mont. 168, 455 P.2d 333.

Burklands cite City of Delta Junction v. Mack Trucks, Inc. (Alaska 1983), 670 P.2d 1128, as persuasive authority. In City of Delta Junction, the plaintiff City purchased a customized fire truck from Alaska Mack, Inc., which was unsuitable for its intended use. In a suit for breach of contract, Mack Trucks, Inc., was named as a defendant under a theory of apparent agency. Alaska Mack was listed in various directories under the heading, "Mack Trucks" and its advertising made prominent use of the Mack logo. Alaska Mack displayed Mack truck brochures at its dealership, and did not post signs indicating its independent ownership. City officials testified that they believed they were dealing with Mack, Inc. and relied on Mack, Inc.'s reputation in entering the deal with Alaska Mack. The Alaska court held that the City's reliance on the Mack tradename raised a jury question as to apparent agency between Alaska Mack and Mack, Inc. 670 P.2d at 1131.

5

In the present case, the affidavits of the plaintiffs establish that they did not read any disclaimer by ERA, Inc., they relied on the national TV advertising they had seen of ERA, the reputation of ERA, Inc., and they believed they were dealing with ERA, Inc., at the time of purchasing the home. The affidavit of ERA, Inc., established without contradiction that ERA, Inc., had no control over the selling real estate agent, that it did not share in the profits of that agent, and that it was not a licensed real estate agent in Montana and actually had nothing to do with the sale to the plaintiffs. The listing of the home in question contained the "independently owned and operated" disclaimer. Are these facts sufficient to raise a genuine issue of material fact as to the existence of ostensible agency? Rule 56(c), M.R.Civ.P., in pertinent part provides that a summary judgment shall be rendered if "there is no genuine issue as to any material fact." We conclude that these facts do constitute a genuine issue of material fact. A key material fact is whether the disclaimer was sufficient to make the plaintiffs' reliance on ERA, Inc., unreasonable. It is an issue to be determined by a trier of fact and, under these circumstances, is not appropriate for determination by the District Court. Summary judgment was not proper.

The District Court is reversed and this matter is remanded for proceedings consistent with this opinion.

_R. C. Mc Donough_
Justice

We Concur:

_J. A. Turnage_
Chief Justice

_Jhn Conway Harrison._

6

_[signatures]_

Justices