No.   89-558

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

THE ESTATES OF ALFRED L. MILLIRON
and ANNA B. MILLIRON,

       Plaintiffs and Appellant,

   -v-

WALTER FRANCKE, M.D., and
ROUNDUP MEMORIAL HOSPITAL,

       Defendants and Respondents.

APPEAL FROM:   District Court of the Fourteenth Judicial District,
               In and for the County of Musselshell,
               The Honorable Roy C. Rodeghiero, Judge presiding.

COUNSEL OF RECORD:

       For Appellant:

           Dane C. Schofield; Peterson, Schofield & Leckie,
           Billings, Montana

       For Respondent:

           Richard F. Cebull; Anderson, Brown, Gerbase, Cebull,
           Fulton, Billings, Montana

           Joseph P. Hennessey, Billings, Montana

                    Submitted on Briefs:  April 19, 1990

                          Decided:  June 1, 1990

Filed:

_____
               Clerk

Justice R. C. McDonough delivered the Opinion of the Court.

This is an appeal by the estates of the decedent plaintiff and his now deceased wife arising out of a medical malpractice claim. The plaintiff estates appeal the order of the Montana Fourteenth Judicial District Court, Musselshell County, granting summary judgment to the defendant Roundup Memorial Hospital on the grounds that it cannot be held vicariously liable for the alleged negligence of an independent contractor radiologist under the facts of this case. We affirm.

Appellants raise the following issues on appeal:

(1) Did the District Court err in concluding that there were no genuine issues of material fact regarding ostensible agency as a theory for imposing vicarious liability upon the hospital for the negligence of a radiologist?

(2) Did the District Court err in concluding that the hospital cannot be held liable for alleged negligent radiology services supplied by an independent contractor under the theory of nondelegable duty?

Alfred Milliron was an out-patient at the Roundup Memorial Hospital on December 6, 1984. He was referred to the hospital and the radiologist who practiced there, Dr. Francke, by his family physician, Dr. Moshman, for evaluation of prostatitis and obstructive uropathy. The method used by the radiologist is called an I.V.P. (intravenous pyelogram.) This is a special x-ray procedure involving the injection of a dye which has certain hazards that were allegedly explained to the patient by Dr.

2

Francke.

After injection of this dye, Alfred Milliron suffered a reaction and eventually lost consciousness and experienced cardiopulmonary difficulties. He was successfully resuscitated but sustained serious neurological deficit. After filing of this lawsuit, Mr. Milliron died and subsequently his wife, who was added as plaintiff in an amended complaint also died. A further amendment substituted the estates of the Millirons as plaintiffs in this case.

Plaintiffs' amended complaint alleged several different theories to support imposition of liability on the hospital. The only remaining theories of concern to this appeal are vicarious liability based on apparent or ostensible agency or the existence of a nondelegable duty.

## I.

As the District Court noted, summary judgment is never to be used as a substitute for trial if a genuine issue of material fact exists. Rule 56, M.R.Civ.P., Reaves v. Reinbold (1980), 189 Mont. 284, 287, 615 P.2d 896, 898. On the other hand, "[w]hen the record discloses no genuine issue of material fact, the party opposing summary judgment has the burden of presenting evidence of a material and substantial nature raising a genuine issue of material fact." Montana Deaconess Hospital v. Gratton (1976), 169 Mont. 185, 189, 545 P.2d 670, 672.

The plaintiffs rely heavily on Kober & Kryss v. Billings Deaconess Hospital (1966), 148 Mont. 117, 417 P.2d 476, in

3

maintaining that material fact issues exist concerning an agency relationship between the radiologist and the hospital. In Kober, we held that summary judgment was inappropriate because

> [w]hether Dr. Stewart was an independent contractor or an agent of the hospital as to Mr. Kryss will, in all likelihood, be determined by the trier of fact as the issue is developed.

417 P.2d at 480. However, Kober can be distinguished from the present case. Kober involved interpretation of a contract between the hospital and a radiology clinic that failed to specify if the head radiologist provided by the clinic was an independent contractor or agent of the hospital:

> . . . this Court cannot determine from the contract whether Dr. Stewart is an independent contractor or an agent of the hospital. Nowhere in the contract is the director specifically labeled an independent contractor.

417 P.2d at 479. Thus, in Kober there was at least a genuine issue of material fact regarding the existence of an actual agency relationship between the parties. Here, the radiologist is specifically labeled an independent contractor in the radiology agreement between him and the hospital. Thus the plaintiffs are arguing the existence of an "apparent" or "ostensible" agency rather than an actual agency relationship. Furthermore, in Kober the plaintiff was admitted to the hospital for other reasons and subsequently was sent to the hospital's radiology department for x-rays as an in-patient. Here, the decedent was an out-patient who was sent to the hospital by his own doctor in order to have x-rays done under the supervison of the consulting radiologist.

Nevertheless, examining the facts of this case in light of

4

Kober, summary judgment would be improper if there exists any genuine issue of material fact regarding the existence of an "apparent" or "ostensible" agency between the hospital and the radiologist. See Burkland v. Electronic Realty Associates, Inc., (1987), 228 Mont. 113, 117, 740 P.2d 1142, 1145. We conclude that the plaintiffs have failed to demonstrate any material factual disputes regarding the existence of such an agency relationship in this case.

First, we note that plaintiffs urge us to adopt the rule of liability under an ostensible agency set forth in § 429 of the Restatement 2d of Torts. We find it unnecessary to adopt such a rule in this case, as liability based on ostensible agency is already specifically covered by statute, § 28-10-103, MCA, which provides:

> **28-10-103. Actual versus ostensible agency.** An agency is either actual or ostensible. An agency is actual when the agent is really employed by the principal. An agency is ostensible when the principal <u>intentionally or by want of ordinary care</u> causes a third person to believe another to be his agent who is not really employed by him. (Emphasis added.)

Section 28-10-103, MCA. The plaintiffs allege the following facts as a basis for a finding of ostensible agency: the hospital agreed to provide adequate space, equipment, and personnel for the radiology department; it sent and collected bills on behalf of the radiologist; and provided the radiologist with an office at the hospital. The radiologist had no separate office in Roundup, rather he privately consulted in several hospitals and would travel around to those hospitals, including Roundup Memorial, performing

5

work as a consulting radiologist. These allegations do not demonstrate intentional conduct on the part of the hospital that caused the Millirons to believe the radiologist to be an agent of the hospital. See e.g., Burkland, 740 P.2d 1142. Nor were there any act or acts amounting to want of ordinary care by the hospital that led the Millirons to believe the radiologist to have been an agent of the hospital. See e.g., Elkins v. Husky Oil (1969), 153 Mont. 159, 455 P.2d 329.

To the contrary, the situation here---where a small hospital in a rural community obtains an independent contractor as a specialist, the specialist rotates between several small hospitals and the hospitals provide the doctor with an office at the hospital---is an ordinary practice in smaller communities throughout Montana. Providing these traveling physicians with offices at the hospital simply helps ensure that these smaller and more remote communities will be provided with adequate medical care and is not a sufficient factual basis to establish an agency relationship. Moreover, providing adequate space, equipment, and personnel is nothing more than what a hospital provides other doctors for the treatment of their patients.

"Where the undisputed evidence concerning the status of the parties defendant to each other is reasonably susceptible of but a single inference, the question of their legal relationship . . . is one purely of law." Elkins, 455 P.2d at 332. The plaintiffs failed to present sufficient evidence that would give rise to a genuine issue of material fact regarding ostensible agency, thus

6

the District Court's grant of summary judgment to the defendant hospital on this issue was proper.

## II.

The plaintiffs also contend that they are entitled to partial summary judgment on the issue of the hospitals vicarious liability under the theory that the hospital had a nondelegable duty to provide safe radiology services to the public.

The plaintiffs' contention makes an erroneous assumption that under these facts the hospital had the primary duty in the first instance in providing treatment to a doctor's patient. This cannot be assumed. Generally, a hospital is not liable for the negligence of physicians functioning as independent contractors. See Annotation, Liability of Hospital or Sanitarium for Negligence of Physician or Surgeon, 51 A.L.R.4th 235, § 5. This general rule "reflect[s] the belief that a physician's knowledge and services are so specialized and personal that he cannot be controlled by a layman in the practice of his calling. . . ." See 40 Am.Jur. 2d, Hospitals and Asylums, § 28, p.872. Thus, under these facts, the doctor rather than the hospital, has the primary duty to provide for treatment of his patient.

The theory of nondelegable duty is an established exception to the general rule that an employer is not liable for the negligence of independent contractors. See Stepanek v. Kober Construction Co. (1981), 191 Mont. 430, 434, 625 P.2d 51, 53; see also, generally W. Keeton, D. Dobbs, R. Keeton, D. Owen, Prosser and Keeton on the Law of Torts, § 71 at 511-512 (5th ed. 1984).

7

In alleging that such an exception exists in this case, plaintiffs rely solely on Jackson v. Power (Alaska 1987), 743 P.2d 1376, where the Alaska Supreme Court held that a hospital licensed as a general acute care facility had a duty to provide physicians for emergency room care that was nondelegable. Jackson appears to stand alone as the only case applying the nondelegable duty exception to employer nonliability to a hospital for a doctor's negligence. Furthermore, Jackson was limited to emergency room services and did not extend to the situation where a patient was treated by his or her own doctor in an emergency room provided by the hospital for the convenience of doctors. Rather, the decision only applies to situations where a patient comes to the hospital, as an institution, seeking emergency room services and is treated by a physician provided by the hospital. Jackson, 743 P.2d at 1385. The present case is distinguishable from Jackson. This case does not involve emergency radiology services at an acute care facility, and furthermore, here the patient knew who the treating radiologist would be prior to the procedure.

The order of the District Court granting summary judgment to Roundup Memorial hospital is

AFFIRMED.

P. C. McDonough
Justice

We Concur:

J. A. Turnage
Chief Justice

8

_Diane G. Barry_

_William E. Hurd_

_[signature]_
Justices