JUSTICE MCKINNON,
dissenting.
¶89 I agree with our conclusion that “[b]oth below and on appeal, Anderson did not consistently distinguish between his negligent work assignment claim and his cumulative trauma injury claim, and the confusion carried over into the District Court’s order ... .” Opinion, ¶ 24. However, I think Anderson is responsible for properly pleading and presenting his case in a maimer that the District Court can understand and appropriately address legal theories and claims raised. The Court has reached today to reconstruct Anderson’s arguments and sort out legal theories pertaining to negligent assignment and the continuing tort doctrine.
¶90 As we have explained on numerous occasions, it is fundamentally unfair to fault the trial court for failing to rule on an argument it was never given an opportunity to consider. City of Missoula v. Moore, 2011 MT 61, ¶ 13, 360 Mont. 222, 251 P.3d 679. We will not consider new arguments or legal theories for the first time on appeal. Pilgeram v. GreenPoint Mortg. Funding, Inc., 2013 MT 354, ¶ 20, 373 Mont. 1, 313 P.3d 839. In my opinion the District Court’s resolution of Anderson’s motion for new trial and BNSF’s motion for partial summary judgment were correct given the arguments and pleadings that had been advanced by Anderson. The Special Verdict Form submitted to the jury is revealing. There are two claims: “Cumulative Trauma Claim” and “December 23, 2008 Single Incident Claim.” There is no claim for negligent work assignment. As the District Court observed: “From the start of these proceedings, Anderson has alleged two claims: cumulative trauma and a single act of negligence occurring on December 23, 2008.” In Anderson’s Amended Complaint, Anderson alleged within both claims that he was negligently assigned work, which aggravated his injuries. As the District Court noted, at no point during the trial was Anderson told he could not produce evidence regarding negligent work assignment in either of his claims. Finally, I cannot construe Anderson’s proposed jury instructions as a correct *351 statement of the law and I would not fault the District Court for failing to instruct the jury using Anderson’s instructions.
¶91 Regarding the alleged improper argument and examination by BNSF, in addition to adopting the rationale of the District Court, I would add that the trial judge is in the best position to determine whether an attorney’s arguments or conduct is prejudicial to the other party. Durden v. Hydro Flame Corp., 1998 MT 47, ¶ 42, 288 Mont. 1, 955 P.2d 160. The District Court considered Anderson’s allegations in the context of the trial as a whole and was in a better position than this Court to judge what prejudice, if any, occurred.
¶92 I would affirm the District Court for the reasons stated in its order denying Anderson’s motion for new trial.