JUSTICE BAKER,
concurring.
¶32 I concur with the disposition of this appeal, but on different grounds as to Issue Two. It is undisputed that, at the time of the Trustee’s Sale, Bank of America did not have a recorded interest in the property. Under § 71-l-315(l)(a), MCA, notice of a Trustee’s sale must be provided to:
(i) the grantor, at the grantor’s address as set forth in the trust indenture or if the grantor’s address is not set forth in the trust indenture at the grantor’s last-known address;
(ii) each person designated in the trust indenture to receive notice of sale whose address is set forth in the trust indenture, at that address;
(iii) each person who has filed for record a request for a copy of notice of sale within the time and in the manner provided in this section, at the address of the person as set forth in the request;
(iv) any successor in interest to the grantor whose interest and address appear of record at the filing date and time of the notice *208 of sale, at that address;
(v) any person who has a lien or interest subsequent to the interest of the trustee and whose lien or interest and address appear of record at the filing date and time of the notice of sale, at that address.
Bank of America had neither recorded its interest nor filed a request for copies of any notices of sale as allowed by § 71-1-314, MCA.
¶33 If Bank of America had no recorded interest, it was not entitled to notice of the sale. Section 71-1-315, MCA. If it was not entitled to notice of the sale, it has no standing to object to a defect in the notice. Standing is a threshold issue that this Court considers even if it is not raised by a litigant. Baxter Homeowners Ass’n v. Angel, 2013 MT 83, ¶ 14, 369 Mont. 398, 298 P.3d 1145. I would conclude that Bank of America lacks standing to assert a claim that the Trustee’s sale did not comply with the notice and recording requirements of the STFA. Contrary to Bank of America’s argument, our decision in JAS I does not establish law of the case on this point because that decision addressed only whether the District Court properly allowed Bank of America to intervene in the quiet title action.
¶34 This conclusion would not dispose of the appeal, however, because MERS also was named as a defendant in the case, is represented by the same counsel as Bank of America, and is listed in the Appellee’s Brief. MERS did have a recorded interest in the property and would have standing to object to the lack of notice or deficiencies in the process. Although Bank of America asserted in the District Court that MERS “has set forth no affirmative claims in summary judgment against JAS,” the parties do not develop adequately the relative positions of these two separate entities to justify dismissing the matter altogether for lack of standing. Nor does JAS develop its argument that MERS should be dismissed as a party to the case, save for a single reference to the Court’s decision in Pilgeram v. GreenPoint Mortgage Funding, Inc., 2013 MT 354, 373 Mont. 1, 313 P.3d 839. “It is not our obligation to conduct legal research or develop legal analysis supporting a party’s position.” In re Estate of Harmon, 2011 MT 84A, ¶ 28, 360 Mont. 150, 253 P.3d 821; (citing M. R. App. P. 12(1)(f)).
¶35 Accordingly, I concur in the decision to affirm.