FILED

09/06/2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0760

DA 15-0760

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 225N

BARBARA J. BENSON and DAVID L. NEUMANN,

      Claimants and Appellants,

    v.

KAREN HOPSEKER, MOLLIE KIERAN,
LISEL IRONS, BONNIE DAWSON, RONALD
DAWSON, and FRANK CAVANAUGH,

      Objectors and Appellees.

APPEAL FROM:    Water Court of the State of Montana,
                Cause No. 76C-A2; Honorable Douglas Ritter, Presiding Judge

COUNSEL OF RECORD:

      For Appellants:

            Colleen A. Coyle, Hertha L. Lund, Julia J. Brown, Lund Law, PLLC
            Bozeman, Montana

      For Appellees:

            Karen Hopseker, self-represented, Newport, Oregon

            Mollie Kieran, Lisel Irons, self-represented, Troy, Montana

            Frank Cavanaugh, self-represented, Wimauma, Florida

            Bonnie Dawson, Ronald Dawson, self-represented, Sequim, Washington

           Submitted on Briefs:  August 17, 2016

                      Decided:  September 6, 2016

Filed:

                    _____
                                    Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Claimants Barbara Benson and David Neumann appeal a Water Court ruling on their motions to amend their Fisher River Basin water right claims—76C 15176-00 (Claim 76) and 76C 15177-00 (Claim 77)—and its resolution of the Appellees' objections.[1]

¶3      The original appropriations for Claim 76 and Claim 77 were filed in 1930.  In 1984 the claims were included in the Temporary Preliminary Decree for the Fisher River Basin and received no initial objections.  Claimants filed their first motion to amend the water right claims in 2007.  Objectors filed a number of objections.  The Master held a hearing on the motion and objections in 2010.  After the hearing, the Master determined that Claimants were requesting amendments that went beyond the original motion.  The Master ordered Claimants to file an amended motion and to provide notice of all the amendments they were seeking.

¶4      Claimants filed a second amended motion to amend in 2011 that requested several changes to Claim 76 as well as implied water right claims for stock and domestic use

---

[1] Appellees are Karen Hopseker, Mollie Kieran, Lisel Irons, Bonnie Dawson, Ron Dawson, and Frank Cavanaugh, referred to collectively as "Objectors."

from the Pleasant Valley Fisher River and an implied water right claim for historical irrigation use from Spring Creek.

¶5 Following a hearing, the Master, at the request of the parties, directed the Montana Department of Natural Resources and Conservation to conduct a field investigation. Both parties filed responses to the field investigation report. The Master issued a report in February 2014. The Master recommended quantified annual volumes for both claims: 487.00 acre-feet for Claim 76 and 38.00 acre-feet for Claim 77. The Master declined to recommend generating implied claims from either the Pleasant Valley Fisher River or Spring Creek. The Water Court issued an order, finding all of the Master's recommendations supported by substantial evidence and adopting the Master's report in whole.

¶6 We review the Water Court's order de novo to determine whether it correctly applied the clear error standard of review to the Master's findings of fact and whether its conclusions of law were correct. Whether the standard of review was applied correctly is a question of law. *Skelton Ranch, Inc. v. Pondera Cnty. Canal & Reservoir Co.*, 2014 MT 167, ¶ 26, 375 Mont. 327, 328 P.3d 644. We review the Water Court's findings to determine whether they are clearly erroneous. *Skelton Ranch*, ¶ 26.

¶7 The Master determined that volume quantification was appropriate because, particularly given the longstanding hostilities between Claimants and Objectors, volume quantification was necessary to administer the water right. The Water Court agreed. This determination is within the discretion of the Water Court. Section 85-2-234(6)(b)(iii), MCA; *In re Eldorado Coop Canal Co.*, 2016 MT 94, ¶ 25, 383 Mont. 205,

369 P.3d 1034. There is substantial evidence to support the Master's findings and the Water Court did not err in adopting the recommendation for volume quantification.

¶8 For the first time on appeal, Claimants argue that the motion to amend process under § 85-2-233(6), MCA, "is not the correct procedure for the Water Court to issue a volume for one of the parties involved." We decline to address Claimants' argument on this issue. "[W]e do not consider new arguments or legal theories for the first time on appeal." *Pilgeram v. GreenPoint Mortg. Funding, Inc.*, 2013 MT 354, ¶ 20, 373 Mont. 1, 313 P.3d 839. The argument Claimants made with respect to volume quantification before the Water Court was that there was "no justification for a volume restriction" and that the findings upon which the Master based his conclusion to impose a volume restriction were clearly erroneous. Claimants' argument on appeal that the Master lacks authority in the first place to quantify volume in a proceeding on a motion to amend is a new legal theory that they never raised before the Water Court. Accordingly, we will not consider Claimants' argument on appeal.

¶9 We also decline to address Objectors' arguments that the Water Court erred in determining the volume amount, flow, place of use, and periods of use. To preserve an issue not raised by an appellant, a respondent must file a timely notice of cross-appeal. *Billings Firefighters Local 521, Int'l Ass'n of Firefighters v. City of Billings*, 1999 MT 6, ¶ 31, 293 Mont. 41, 973 P.2d 222; M. R. App. P. 4(5)(a)(iii). If they wished to challenge any of the Water Court's rulings, the Objectors were required to have filed a notice of cross-appeal within the time permitted by M. R. App. P. 4(5)(a)(iii). Because Objectors

4

did not file a cross-appeal, we will not address their arguments on this issue. *See Billings Firefighters Local 521*, ¶ 31.

¶10    Claimants' second argument is that the Water Court erred by denying Claimants' implied claims as a matter of law, and because the court disregarded its own findings of fact. Claimants argue that there is "no authority" for the Master's conclusion that implied claims are barred in proceedings on a motion to amend pursuant to § 85-2-233(6), MCA, and contend that the Water Court erred by not addressing this conclusion. Claimants argue further that the Master's report "actually found that Claimants had met the necessary elements for an implied claim" and that, "[a]t a minimum," they established the elements for an implied claim of historical use of Spring Creek for irrigation.

¶11    The Master premised his rejection of the implied claims on the evidence, presenting his interpretation of § 85-2-233(6), MCA, as "yet another bar" to the implied claims. Relevant to Claimants' arguments here, the Master found that irrigation from Spring Creek did not begin until the 1973 irrigation season and that Claimants' alleged historical use was "vague" and "contradicted by direct testimony" from Claimants' own witnesses. The Master thus concluded that "the evidence presented regarding continuing historical use of Spring Creek was NOT sufficient to corroborate the generation of an implied claim."

¶12    The Water Court reviewed and adopted the Master's findings, determining that there was substantial evidence to support the Master's recommendations to deny an implied irrigation claim from Spring Creek and implied stock and domestic claims from the Pleasant Valley Fisher River. The court noted that the evidence supporting irrigation

5

use of Spring Creek was conflicting, but held that the Master did not misapprehend the effect of the evidence by finding that better evidence—testimony of witnesses with firsthand knowledge of historical irrigation on Claimants' property—did not support this irrigation as historical practice.

¶13 With respect to the Pleasant Valley Fisher River, the Water Court found no evidence supporting domestic use through the Lloyd Ditch, and nothing in the Statements of Claim that would support use of the Lloyd Ditch as the only source of water for livestock during the winter. Absent any indication that the Statements of Claim intended to claim both stock and irrigation, the court determined that an implied claim for stock was not appropriate. Claimants do not argue error with respect to this ruling.

¶14 The Water Court did not rely on the Master's interpretation of § 85-2-233(6), MCA, and we find it unnecessary to reach that question. Claimants have not demonstrated clear error in the Master's findings of fact regarding actual historic use. The record contains substantial "relevant evidence which a reasonable mind might accept as adequate to support [the Master's] conclusion[s]." *Montanans v. State*, 2006 MT 277, ¶ 79, 334 Mont. 237, 146 P.3d 759 (internal quotations omitted). The Water Court correctly applied the clear error standard of review and properly determined that the evidence supported the Master's conclusions.

¶15 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. This appeal presents no constitutional issues, no issues of first impression, and does not establish new

6

precedent or modify existing precedent.  We affirm the Water Court's order adopting the

Master's report.


/S/ BETH BAKER


We concur:


/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA
/S/ MICHAEL E WHEAT