FILED

October 20 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0174

DA 15-0174

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 307N

LEE GOODWIN,

      Plaintiff and Appellant,

   v.

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.;
MERS; MERSCORP, INC., JP MORGAN
CHASE BANK, BANK OF NEW YORK,
FIRST AMERICAN TITLE COMPANY OF
MONTANA, TITLE FINANCIAL SPECIALTY
SERVICE, EMC MORTGAGE,

      Defendants and Appellees.

APPEAL FROM:    District Court of the Eleventh Judicial District,
                  In and For the County of Flathead, Cause No. DV-13-141-D
                  Honorable David M. Ortley, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                Lee Goodwin (self-represented); Kalispell, Montana

        For Appellees JP Morgan Chase Bank, N.A., & Mortgage Electronic Registration
        Systems, Inc.:

                W. Anderson Forsythe, Brandon JT Hoskins, Moulton Bellingham
                PC; Billing, Montana

                                Submitted on Briefs:  September 9, 2015
                                          Decided:  October 20, 2015

Filed:

                                      _____
                                               Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Lee Goodwin appeals the final order of the Eleventh Judicial District Court, Flathead County, which ruled in favor of the defendants Mortgage Electronic Registration Systems, Inc. (MERS) and JP Morgan Chase Bank[1] (collectively, "the Defendants") on Goodwin's quiet title action to his home located at 1720 Pines Boulevard in Kalispell (the Property). We affirm.

¶3 On August 20, 2003, Goodwin signed a deed of trust for $205,200 for the Property. The deed of trust named Citizens Title as trustee, GreenPoint Mortgage Funding, Inc., as the lender, and MERS as "a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns." It further provided that "MERS is the beneficiary under this Security Instrument." The deed of trust was recorded in Flathead County. Effective January 30, 2007, MERS assigned the deed of trust to Bank of New York, the successor-in-interest to JP Morgan Chase Bank and now known as The Bank of New York Mellon. On March 1, 2007, JP Morgan Chase Bank filed a substitution of trustee, naming Charles J. Peterson, an attorney with Mackhoff

---

[1] Goodwin named several other defendants in the District Court and on appeal; however, only Mortgage Electronic Registration Systems, Inc., and JP Morgan Chase Bank were served in this action. Therefore, they are the only proper defendants on appeal. M. R. Civ. P. 4.

2

Kellogg Law Firm in Dickinson, North Dakota, as trustee. This assignment appears to be related to a default on Goodwin's payments in 2007.

¶4 Goodwin again defaulted on his mortgage payments in 2012. On October 25, 2012, Bank of New York filed a substitution of trustee, naming First American Title Company of Montana, Inc., as the new trustee on the deed of trust. First American Title Company of Montana filed a notice of a trustee's sale dated October 26, 2012. The trustee's sale was cancelled on February 19, 2013.

¶5 Goodwin filed an action for quiet title and a request for declaratory judgment in the District Court on February 11, 2013, requesting that the Defendants' interest in the Property "be cancelled and declared a nullity." Among other claims, Goodwin alleged violations of various state and federal mortgage laws regarding notice and assignment of mortgages.

¶6 On September 26, 2013, the Defendants moved to dismiss the action. The District Court never issued an order on the Defendants' motion to dismiss. On December 12, 2014, the Defendants moved for summary judgment. On February 19, 2015, the District Court held a hearing on the parties' motions. At the hearing, the District Court held that the Defendants' motion to dismiss was moot. The District Court later granted the Defendants' motion for summary judgment, holding that Goodwin had presented no admissible evidence demonstrating genuine issues of material fact as to the Defendants' interest in the Property.

¶7 "We review a district court's ruling on a motion for summary judgment de novo, applying the same M. R. Civ. P. 56 criteria as the district court." *Ruby Valley Nat'l Bank*

3

*v. Wells Fargo Del. Trust Co., N.A.*, 2014 MT 16, ¶ 10, 373 Mont. 374, 317 P.3d 174. Summary judgment is appropriate when there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. M. R. Civ. P. 56(c)(3). "We review the district court's conclusion that the moving party is entitled to judgment as a matter of law for correctness." *Ruby Valley Nat'l Bank*, ¶ 10.

¶8 Goodwin argues on appeal that the public record—including the recorded deed of trust—does not support any valid claims to his property other than his own claim. Among other challenges, Goodwin also argues that MERS was not entitled to summary judgment because in *Pilgeram v. GreenPoint Mortg. Funding, Inc.*, 2013 MT 354, 373 Mont. 1, 313 P.3d 839, we held that MERS is not a "beneficiary" under the Small Tract Financing Act of Montana (STFA), §§ 71-1-301 to 321, MCA. *Pilgeram*, ¶ 18.

¶9 We agree with the District Court that Goodwin has presented no evidence in support of his claims. First, Goodwin has not presented any evidence to challenge the validity of the deed of trust or any other document in the public record. Second, *Pilgeram* was limited to determining whether or not MERS is a "beneficiary" under the STFA. *Pilgeram*, ¶ 18. The issue of whether or not MERS could act as an agent of the beneficiary was not preserved by the parties or addressed by this Court. *Pilgeram*, ¶ 20. In *Ruby Valley Nat'l Bank*, we again did not directly address whether or not MERS could act as an agent of a beneficiary. We did, however, hold that a recorded deed of trust and chain of assignments, including assignments by MERS, can establish a secured interest in real property. *Ruby Valley Nat'l Bank*, ¶¶ 22-24.

4

¶10　Following our reasoning in *Ruby Valley Nat'l Bank*, the recorded deed of trust dated August 20, 2003, and the subsequent assignments established that the Defendants have a valid, secured interest in the Property. Having provided no evidence to the contrary, Goodwin's attempt to invalidate the Defendants' interests in the Property was correctly rejected by the District Court.

¶11　We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. The District Court's interpretation and application of the law were correct. Affirmed.


/S/ JAMES JEREMIAH SHEA


We Concur:

/S/ LAURIE McKINNON
/S/ PATRICIA COTTER
/S/ BETH BAKER
/S/ JIM RICE