OPINION AND ORDER
¶1 This matter comes before the Court on a Petition for Writ of Supervisory Control filed by Petitioner Sharon Meek, as personal representative of the Estate of Judy J. Meek, arising from Cascade County Cause No. BDV-12-0657, Meek v. Bennett Motors, et al. This Court adopted a briefing schedule and conducted oral argument on *151 March 11,2015. Jeffrey G. Winter argued for Petitioner, Cathy Lewis argued for Respondent, and Anders Blewett argued for Amicus Curiae Montana Trial Lawyers Association. The matter having been submitted for decision, we grant the petition and exercise supervisory control.
¶2 The issue is whether the District Court properly granted a defense motion in limine to restrict the medical damages evidence admissible at trial, and granted summary judgment against Meek on that issue.
BACKGROUND
¶3 Judy Meek passed away on January 23, 2012, after a fall at a business premises on November 2, 2011. Sharon Meek, as personal representative of Judy’s Estate (Meek), brought this action against the business where the fall happened, seeking damages for survival and wrongful death.
¶4 In the period between the fall and Judy’s death, Judy’s medical providers billed $197,154.93 for her care. Judy was covered by Medicare and had supplemental coverage through Blue Cross/Blue Shield. Medicare and BCBS together paid a total of $70,711.26 to Judy’s medical providers. The District Court concluded that despite the billing from the medical providers, Judy had “no exposure or obligation to pay any charges beyond those actually paid pursuant to the Medicare rules and the insurance polity with Blue Cross/Blue Shield.”
¶5 The issue in the present case arises from the District Court’s decision on a pre-trial motion filed by one of the defendants, Pierce’s Dodge City. The motion sought to limit Meek’s medical expense recovery to the amounts paid to the providers by Medicare and BCBS, and to prevent Meek from presenting evidence to the jury as to the amounts actually billed by the medical providers. After briefing, the District Court concluded that while there was a split of authority nationally, the legal issue has been decided in Montana, citing this Court’s decisions in Conway v. Benefis Health System, 2013 MT 73, 369 Mont. 309, 297 P.3d 1200 and Newbury v. State Farm, 2008 MT 156, 343 Mont. 279, 184 P.3d 1021.
¶6 The District Court determined that since Meek had no liability exposure to the medical care providers in excess of the amount paid by Medicare and BCBS, the only medical expense evidence that she could present to the jury were the amounts that had been paid to the providers. The District Court concluded that the amount actually billed by the providers was not representative of the reasonable value of the medical services provided to Judy and that the amount billed by the health care providers was inadmissible because it “is irrelevant” to any *152 issue or to damages in the case.
¶7 The District Court granted the motion in limine to limit medical damage evidence, and granted summary judgment against Meek on that issue. Meek seeks supervisoxy control over that order.
STANDARD OF REVIEW
¶8 This Court exercises supexvisory control in appropriate cases pursuant to Article VH, Section 2(2) of the Montana Constitution and Rule 17(a), M. R. App. P. Supervisory control is appropriate where the district court is proceeding upon a mistake of law which, if not corrected, would cause significant ixyustice for which appeal is an inadequate remedy. Inter-Fluve v. Eighteenth Judicial District Court, 2005 MT 103, ¶ 17, 327 Mont. 14, 112 P.3d 258.
¶9 A motion in limine can seek to prevent or limit the introduction of evidence at trial, and the authority to grant or deny the motion rests in the inherent power of the district court to admit or exclude evidence so as to ensure a fair trial. Hulse v. Department of Justice, 1998 MT 108, ¶ 15, 289 Mont. 1, 961 P.2d 75. Where a decision on a motion in limine involves the exercise of discretion, this Court will not overturn the district court absent an abuse of discretion. State v. Weldele, 2003 MT 117, ¶ 41, 315 Mont. 452, 69 P.3d 1162. Where a decision on a motion in limine involves a conclusion of law or interpretation of statute, we review to determine whether the result is correct. State v. Peterson, 2011 MT 22, ¶ 8, 359 Mont. 200, 247 P.3d 731.
¶10 This Court reviews a district court’s decision on summary judgment to determine whether it is correct, using the same criteria under Rule 56, M. R. Civ. P. Pilgeram v. GreenPoint Mortgage, 2013 MT 354, ¶ 9, 373 Mont. 1, 313 P.3d 839.
DISCUSSION
¶11 We do not address Meek’s claim regarding the damages she may recover for medical expenses because that is an issue that can be adequately addressed on appeal if necessaxy. The only issue we address in this pretrial proceeding is whether the District Court properly limited the evidence that is admissible at trial regarding medical expenses.
¶12 The paxties agree that Meek is entitled to damages “representing the reasonable value of the medical expenses for medical services obtained by Judy Meek.” This is consistent with Montana law, which requires that in all cases damages must be reasonable, and that no party has a right to unconscionable and grossly oppressive damages that are contrary to substantial justice. Section 27-1-302, MCA; *153 Tidyman’s Management Services v. Davis, 2014 MT 205, ¶ 40, 376 Mont. 80, 330 P.3d 1139.
¶13 The District Court concluded and the respondents argue that amounts billed by health care providers are “not a reliable or accurate indicator of the reasonable value of the services” because they are unreasonably inflated and few patients ever actually pay the billed amount. Respondents argue that the amount the providers actually receive from insurers or other benefit programs is a “far better indicator of the reasonable value of a provider’s services.” Further, they argue that allowing Meek to present evidence of medical bills in excess of what has been actually paid could lead to a windfall recovery.
¶14 The ultimate issue is whether Meek’s medical bills are admissible at trial or whether, as the District Court held, they are irrelevant and inadmissible. All relevant evidence is admissible, except when otherwise provided. Rule 402, M. R. Evid. Relevant evidence is evidence that has “any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.” Rule 401, M. R. Evid.; Alexander v. Bozeman Motors, Inc., 2012 MT 301, ¶¶ 41-42, 367 Mont. 401, 291 P.3d 1120. Therefore, evidence should not be excluded simply because there may be contrary evidence or because it may be subject to impeachment. Although the District Court ruled that the amount of expenses billed is irrelevant when there is no claim for future medical expenses, medical bills received by a tort victim can be relevant evidence of issues such as the nature and severity of the injuries, and of the medical procedures and treatments that were required. Chapman v. Mazda Motor of Am., 7 F. Supp. 2d 1123, 1125 (D. Mont. 1998).
¶15 The respondents’ factual arguments regarding the nature and reliability of medical billings therefore do not provide adequate grounds for a pre-trial order excluding the evidence of the amounts billed by Meek’s medical providers. If supported by competent evidence at trial, these arguments could provide matters of impeachment, and could affect the weight the juiy might give to the evidence. Without more, however, these factual contentions do not justify exclusion of the evidence. The District Court’s pretrial ruling to exclude all medical bills and grant summary judgment was not justified here, where Meek presented the affidavit of her primary physician that affirmed that the medical services represented in the billings were reasonably necessary to her care. The affidavit also affirmed that the amounts billed were reasonable, were the usual and customary rates for such treatment, and that they represented the reasonable value of the treatment.
*154 ¶16 Ultimately, there is a factual dispute in the case over the nature of the hills presented by the medical providers and whether they represent a reasonable measure of the value of the services provided. The reasonableness of the medical bills as a measure of damages is a matter to be determined by the jury. Burley v. Burlington Northern, 2012 MT 28, ¶ 91, 364 Mont. 77, 273 P.3d 825. The existence of genuine issues of material fact precludes summary judgment. Redies v. Attorney Liability Prot. Soc., 2007 MT 9, ¶ 26, 335 Mont. 233, 150 P.3d 930. This does not end the inquiry in this case, however, since the District Court also issued an order in limine, limiting the medical expense evidence that would be admissible at trial.
¶17 The District Court’s order admitting only evidence of amounts the insurers paid to Meek’s health care providers violates § 27-1-308, MCA. That statute, referred to as the collateral source rule, requires that a jury determine its award “without consideration ofany collateral source.” Section 27-1-308(3), MCA (emphasis added). A collateral source, generally, is “a payment for something that is later included in a tort award and that is made to or for the benefit of a plaintiff or is otherwise available to the plaintiff.” Section 27-1-307(1), MCA. The statute provides, however, that in a separate post-trial proceeding the district court must reduce a jury’s verdict in a personal injury case “by any amount paid or payable from a collateral source that does not have a subrogation right.” Section 27-1-308(3), MCA.
¶18 The District Court ruled that the “amount of the write-down” (the medical billings not covered by Medicare or BCBS) was not a benefit or was not otherwise “available” to Meek and therefore did not meet the definition of a collateral source under the statute. However, the payments made by Medicare to satisfy the providers’ billings are clearly a collateral source. The District Court’s order in this case, and now the Dissent, would not only require that these collateral source payments be considered by the jury, but would also make the collateral source payment conclusively determinative of Meek’s medical damages. This is a clear violation of § 27-1-308(3), MCA. The statute prohibits the jury from considering any collateral sources and evidence of collateral source payments is not admissible on the issue of a personal injury claimant’s medical expenses.
¶19 Respondents contend that allowing Meek to present evidence of the medical bills from her providers could result in a “windfall” recovery. This contention is addressed by § 27-1-308(1) and (3), MCA, which provides that after a jury verdict in favor of the plaintiff, the district court must hold a hearing and determine whether there were any collateral source payments to account for. If so, the recovery must *155 be reduced by the amount paid or payable from a collateral source. ¶20 Contrary to the District Court’s conclusions, the issues in this case were not decided iaNewbury andConway. Both of those cases involved contract disputes between insureds and insurers over application of insurance policy language, and neither case involved the admissibility of evidence in a personal injury action against a tortfeasor. Most significantly, neither case involved application of the collateral source statute, § 27-1-308, MCA. Neither case resolves the issues raised in the present case.[1]
¶21 The parties have devoted considerable argument to identifying the majority and minority national rules on whether a tort claimant is limited to introducing evidence of medical expenses paid by third parties. See, e.g., Bynum v. Magno, 101 P.3d 1149 (Haw. 2004). We do not decide the present case through application of national trends, but through application of the Montana Rules of Evidence and the Montana collateral source statute, § 27-1-308, MCA.
¶22 We reiterate that Montana law requires that damages be reasonable, § 27-1-302, MCA, and Tidyman’s, ¶ 40, and that it is up to the jury to determine what is reasonable under the circumstances, Burley, ¶ 91. This statutory requirement of reasonable damages must be construed along with the collateral source statute, § 27-1-308, MCA, so as to give effect to both. Section 1-2-101, MCA; Hanson v. Edwards, 2000 MT 221, ¶ 19, 301 Mont. 185, 7 P.3d 419. Therefore, if at trial Meek introduces evidence of Judy Meek’s medical bills the defendants may contest the reasonableness of those bills as a measure of damages. If so, evidence of the amount that Medicare pays to other health care providers for the same or similar service could be relevant to that issue, as long as there is no evidence or argument that Judy Meek was covered by Medicare or other insurance, or that Medicare or an insurer paid any part of her medical expenses. Those matters may be considered only by the District Court and only after a verdict, as provided in § 27-1-308(3), MCA.
¶23 Therefore,
¶24 IT IS ORDERED that the Petition for Writ of Supervisory Control is GRANTED.
¶25 IT IS FURTHER ORDERED that the District Court order on Pierce’s Dodge City’s motions in limine and summary judgment against *156 Meek, as discussed above, are VACATED and this matter is remanded for further proceedings consistent with this Opinion and Order.
¶26 The Clerk of this Court is directed to provide copies of the Opinion and Order to counsel of record in Cascade County Cause No. BDV120657, counsel for Amicus Curiae Montana Trial Lawyers Association and Montana Defense Trial Lawyers, and to the Honorable Jon A. Oldenburg, presiding District Judge.
DATED this 13th day of May, 2015.
JUSTICES WHEAT, COTTER, BAKER, SHEA and RICE concur.

 Likewise, Harris v. Billings Clinic, 2013 MT 207, 371 Mont. 133, 305 P.3d 852, cited in the Dissent, neither involves issues in a direct action against a tortfeasor or application of § 27-1-308, MCA.