FILED

October 23 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0540

DA 14-0540

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 308N

LINDA FRENCH,

Plaintiff and Appellant,

v.

JOHN K. BEIGHLE, D.P.M.,

Defendant and Appellee.

APPEAL FROM:     District Court of the Fourth Judicial District,
                 In and For the County of Missoula, Cause No. DV-09-1010
                 Honorable John W. Larson, Presiding Judge

COUNSEL OF RECORD:

          For Appellant:

                 Patrick F. Flaherty, Paul Gallardo, Flaherty Law Office, Great Falls,
                 Montana

          For Appellee:

                 John H. Maynard, Christopher K. Oliveira, Crowley Fleck, PLLP, Helena,
                 Montana

                                        Submitted on Briefs:  September 23, 2015
                                                    Decided:  October 23, 2015

Filed:

                 _____
                                   Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Linda French (French) appeals a jury verdict for the defense in a medical malpractice case in the Fourth Judicial District Court, Missoula County. The case arises from care provided to French in 2007 by podiatrist, Dr. John K. Beighle (Dr. Beighle). This appeal concerns a motion *in limine* regarding evidentiary issues and two rulings made during trial. We affirm.

¶3     French injured her right big toe in March 2004 when she jammed it into a table in her home. She consulted with her family practitioner at the time of her injury who confirmed she had not broken her foot. A few months later, in June 2004, French sought assistance from Dr. Beighle. An MRI indicated degenerative arthritis in the right big toe, a condition that can be caused by multiple factors, one being trauma. Dr. Beighle prescribed non-surgical treatments and French reported no pain at a follow-up appointment in July 2004. French returned to Dr. Beighle in January 2007 with observable limited range of motion and renewed pain in the joint. A comparison of x-rays from 2004 and 2007 indicated that her degenerative arthritis had progressed. Dr. Beighle recommended corrective surgery and French decided to have the existing bone spurs removed. She did not want to fuse the joint which was another surgical

2

choice indicated by her condition. Dr. Beighle removed the spurs on February 1, 2007. During the operation, he found a greater loss of cartilage than anticipated. He made an intraoperative decision to use a Nexa bone plug procedure with the goal of creating new cartilage. The Nexa plug procedure was not successful in stimulating growth of new cartilage and on May 30, 2008, an orthopedist fused the joint.

¶4 French filed a complaint against Dr. Beighle on August 20, 2009, claiming the intraoperative decision to perform a bone plug operation was (1) performed without her informed consent; (2) a negligent election of surgery, as less extreme options were available and appropriate; and (3) negligently performed. Beighle denied the claims and the case proceeded to trial.

¶5 The parties filed various motions *in limine*. Relevant to this appeal, French moved to exclude evidence of collateral source payments, such as health insurance, in accordance with § 27-1-308(3), MCA. The Court granted this motion on June 23, 2014. Dr. Beighle moved to exclude evidence of other malpractice claims against him as irrelevant and prejudicial pursuant to M. R. Evid. 401, 402, and 403. The court granted the motion concluding that French had failed to establish how the evidence indicated a habit or routine as required by M. R. Evid. 406. Trial began on July 15, 2014 and the jury returned a verdict for the defense on July 18, 2014.

¶6 On appeal, French contends that the trial court erred in excluding reference to her health insurance status under M. R. Evid. 411. French contends that the evidence was not going to be offered to show there was insurance paying the cost of defense, but rather to

show Dr. Beighle's financial motive in opting for early surgery and then deciding mid-surgery to perform the Nexa bone plug procedure.

¶7 We review a district court's decision to exclude evidence for an abuse of discretion. *Martin v. BNSF Ry. Co.*, 2015 MT 167, ¶ 10, 379 Mont. 423, 352 P.3d 598. A trial court has broad discretion to determine whether evidence is relevant and admissible. Absent a showing of an abuse of discretion, the trial court's determination will not be overturned. *Mickelson v. Mont. Rail Link, Inc.*, 2000 MT 111, ¶ 35, 299 Mont. 348, 999 P.2d 985.

¶8 We begin by noting that M. R. Evid. 411 is a rule governing liability insurance. It precludes admission of liability insurance upon the issue of whether a person acted negligently or otherwise wrongfully. The rule does not preclude evidence of liability insurance when offered for another purpose such as proof of agency, ownership, or control, or bias or prejudice of a witness. M. R. Evid. 411. In the present case, French wanted to introduce information regarding her own health insurance, not Dr. Beighle's malpractice insurance. Therefore, Rule 411 was not the basis for the Court's decision to exclude discussion of her insurance pursuant to the collateral source rule.

¶9 Collateral source rules prohibit jury consideration of insurance so that payments from an independent source do not reduce the amount of damages for which a defendant is responsible. Montana's collateral source rule, codified at § 27-1-308(3), MCA, requires that a jury "determine its award without consideration of any collateral sources." *See Meek v. Mont. Eighth Jud. Dist. Ct.*, 2015 MT 130, ¶ 17, 379 Mont. 150, 349 P.3d 493. The definition of a collateral source in Montana includes "any health, sickness, or

income disability insurance." Section 27-1-307(1)(b), MCA. In this case, the District Court excluded evidence of French's health insurance based upon the collateral source statute. Montana law prohibits a jury from considering any collateral source and French's health insurance was a collateral source. The District Court also observed that it had granted French's motion *in limine* prohibiting Dr. Beighle from arguing French had no damages because her insurance company paid for it, French could not consistently maintain that Dr. Beighle performed the surgery because she had medical insurance. Based upon this record, we conclude that the District Court did not abuse its discretion by excluding evidence that French had health insurance.

¶10 French also argues on appeal that the District Court abused its discretion when it limited cross-examination of Dr. Beighle's expert witness, Dr. Thomas Smith, concerning prior work experience with defense counsel's firm. Trial courts have discretion in defining the parameters and latitude of cross-examination and this Court will not interfere unless it is manifest that the trial court abused its discretion. *State v. Atlas*, 224 Mont. 92, 101, 728 P.2d 421, 427 (1986).

¶11 During French's cross-examination of Dr. Smith, the following exchange took place:

> Q. [By Mr. Gallardo, counsel for French]: Have you acted as a medical expert or medical adviser for the Crowley Fleck law firm in the past?
>
> A. This is the only time.
>
> Q. So you've never worked with the Crowley Fleck law firm in--in any other cases outside of Linda French's?

5

THE COURT: That's been answered. Move on to another question--

MR. GALLARDO: Okay.

¶12 French claims that the court was instructing counsel to move on from the topic. To the extent French believed this instruction to be improper, French did not object and provide an offer of proof of the testimony French intended to obtain and provide an opportunity for the court to correct any alleged error. *See* M. R. Evid. 103(a)(2). To preserve an issue for appeal, an appellant must first raise that specific issue in the district court. *Ginn v. Smurfit Stone Container Enters.*, 2015 MT 81, ¶ 35, 378 Mont. 378, 344 P.3d 972. Accordingly, we first note that this issue has not been properly preserved. Nevertheless, based upon a review of the record, we conclude that the court did not abuse its broad discretion when it instructed French's counsel to move on to another question.

¶13 Finally, French contends that the District Court abused its discretion by excluding evidence of earlier unrelated medical malpractice claims. We review a district court's evidentiary ruling regarding the admission of evidence of other crimes, wrongs, or acts for abuse of discretion. *State v. Bieber*, 2007 MT 262, ¶ 21, 339 Mont. 309, 170 P.3d 444.

¶14 Before trial French argued that Dr. Beighle's manner and routine in his podiatry practice qualifies as admissible habit evidence under M. R. Evid. 406. French planned to provide testimony from three other patients to show that Dr. Beighle's conduct and practices were substantially similar. In its opinion and order on the parties' motions *in limine*, the District Court found that French did not adequately identify a habit or routine and excluded other malpractice cases and unnamed individuals alleging malpractice

against Dr. Beighle. The court relied upon M. R. Evid. 403 which states that relevant evidence is inadmissible "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. . . ." M. R. Evid. 403. The District Court also noted that while evidence of habit or a routine practice is relevant to prove that conduct on a particular occasion was in conformity with the habit or routine practice under M. R. Evid. 406(b), "evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith . . . ." M. R. Evid. 404(a). We have stated numerous times that district courts are in the best position to make evidentiary rulings. *See Waller v. Hayden*, 268 Mont. 204, 885 P.2d. 1305 (1994). Given the clear danger of unfair prejudice, the District Court did not abuse its discretion in excluding the testimony of earlier unrelated medical malpractice claims.

¶15 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for memorandum opinions. The District Court did not abuse its discretion by excluding collateral source evidence of French's health insurance; limiting cross-examination of Dr. Beighle's expert witness concerning prior work experience with French's counsel's firm; or excluding evidence of earlier, unrelated medical malpractice claims. Affirmed.

/S/ LAURIE McKINNON

We concur:

/S/ MICHAEL E WHEAT
/S/ PATRICIA COTTER
/S/ JAMES JEREMIAH SHEA

Justice Jim Rice, concurring.

¶16    I agree with French that the District Court should not have excluded the evidence of Beighle's comment about French's health insurance under the collateral source rule. As French argues, the purpose of that rule is to protect plaintiffs—to prohibit defendants from telling the jury that the plaintiff had insurance to pay her bills, and thus prejudice her recovery. Here, Plaintiff French wanted to introduce Defendant Beighle's comment about her insurance coverage to support her theory that Beighle had initiated an unauthorized procedure for financial gain, and thus committed malpractice. This reference to her insurance is not prohibited by the collateral source rule, and is not inconsistent with her motion in limine to exclude evidence of the payment of her medical bills by insurance.

¶17    However, given the diminutive content and speculative nature of this evidence, I believe it was well within the District Court's discretion to exclude the evidence on other grounds and, therefore, I conclude the exclusion did not constitute reversible error. I thus concur in affirming the District Court.


                                   /S/ JIM RICE