**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| BARBARA A. GIBSON, as Personal Representative of the Estate of Johnny G. Gibson, and for herself; JOHN TRAVIS MORGAN GIBSON; DIXIE LEE GIBSON, *Plaintiffs-Appellants*, | No. 20-35333 |
| | D.C. No. 4:18-cv-00112-BMM |
| v. | |
| UNITED STATES OF AMERICA, *Defendant-Appellee.* | ORDER CERTIFYING QUESTIONS TO THE SUPREME COURT OF MONTANA |

Filed June 22, 2021

Before: Danny J. Boggs,[*] Richard A. Paez, and
Paul J. Watford, Circuit Judges.

Order

---

[*] The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

**SUMMARY**[**]

---

**Montana Law**

The panel certified to the Montana Supreme Court the following questions:

1.  Under Montana law, for a claim that accrued prior to the effective date of Mont. Code Ann. § 27-1-308 (2021), may a plaintiff in a survival action recover the reasonable value of medical care and related services when the costs of such care or services are written-off under the provider's charitable care program?

2.  For a claim that accrued prior to the effective date of Mont. Code Ann. § 27-1-308 (2021), does a charitable care write-off qualify as a collateral source within the meaning of section 27-1-307? If so, does a charitable care write-off qualify for the "gifts or gratuitous contributions" exception under section 27-1-307(1)(c)?

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**ORDER**

Pursuant to Montana Rule of Appellate Procedure 15(3), we respectfully certify the questions set forth below to the Montana Supreme Court. If the Montana Supreme Court accepts certification, the court's decision will "be determinative of an issue" in this appeal, Mont. R. App. P. 15(3)(a), and there is "no controlling appellate decision, constitutional provision, or statute" under Montana law, Mont. R. App. P. 15(3)(b).

## I. Administrative Information

We provide the following information in accordance with Montana Rule of Appellate Procedure 15(6)(a)(iv).

The names and addresses of counsel are:

*For Plaintiffs-Appellants Barbara Gibson, as personal representative of the estate of Johnny G. Gibson, and for herself; John Travis Morgan Gibson; Dixie Lee Gibson*: John M. Morrison, Morrison, Sherwood, Wilson & Deola, PLLP, 401 North Last Chance Gulch, P.O. Box 557, Helena, MT 59624-0557.

*For Defendant-Appellee United States of America*: Tim Tatarka, Assistant U.S. Attorney, District of Montana, U.S. Courthouse, 2601 Second Avenue North, Box 3200, Billings, MT 59101.

## II. Certified Questions

We present the following certified questions. We acknowledge that the Montana Supreme Court, as the receiving court, may reformulate the questions presented. Mont. R. App. P. 15(4).

1. Under Montana law, for a claim that accrued prior to the effective date of Mont. Code Ann. § 27-1-308 (2021), may a plaintiff in a survival action recover the reasonable value of medical care and related services when the costs of such care or services are written-off under the provider's charitable care program?

2. For a claim that accrued prior to the effective date of Mont. Code Ann. § 27-1-308 (2021), does a charitable care write-off qualify as a collateral source within the meaning of section 27-1-307? If so, does a charitable care write-off qualify for the "gifts or gratuitous contributions" exception under section 27-1-307(1)(c)?

## III.     Statement of Facts

In 2015, Johnny Gibson ("Gibson") was working as a seasonal rancher in Montana. On September 14, 2015, he visited the Central Montana Community Health Center ("CMCHC"), a federally-funded health care center in Lewistown, Montana, due to chest pain, pain between the shoulder blades, heartburn, and fatigue. The nurse did not perform a heart workup, refer Gibson for a heart workup, or mention potential heart issues in the medical record. One week later, Gibson, his wife Barbara, and his adult daughter Dixie Lee began driving back home to Colorado, but stopped at a truck stop when Gibson experienced chest pain. He was transported by ambulance to St. Vincent Hospital in Billings, Montana, where he died following a myocardial infarction.

In 2018, Barbara Gibson filed a wrongful death and survival action pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2672, in her role as the personal representative of her late husband's estate, and on behalf of Gibson's heirs: herself and their two adult children, Dixie Lee and John Travis (collectively, the "Gibson Estate"). The government conceded negligence in the failure to evaluate and treat Gibson's heart condition at CMCHC, and that the negligence was more likely than not a substantial factor in Gibson's death. The district court granted summary judgment to the Gibson Estate on these issues and proceeded to a bench trial to determine damages. The district court awarded $183,814 to the estate, $289,434 to Barbara Gibson, $70,000 to Dixie Lee Gibson, and $35,000 to John Travis Gibson, for a total of $578,248.[1]

The district court did not award damages for the reasonable value of medical expenses incurred at St. Vincent Hospital or for the cost of the ambulance service, because the hospital and ambulance provider wrote off Gibson's bills as part of their charity programs. The hospital and ambulance provider sent Gibson statements listing a total of $165,661.50 in medical charges, but both the hospital and ambulance provider showed on the same documents that those amounts were forgiven in full as part of their charity

---

[1] The district court initially awarded a higher amount of damages. The government moved to alter the judgment under Federal Rule of Civil Procedure 59(e), arguing that Montana law capped non-economic damages in medical malpractice cases at $250,000. *See* Mont. Code Ann. § 25-9-411. The district court then reduced the damages to comply with the limitation on non-economic damages. The district court awarded $328,248 in economic damages.

care programs.**²**    Under the header of "Payments and Adjustments," the hospital statement lists the amount of $164,670.22 followed by the entry "CHARITY – BELOW FPG" and a balance of zero.    Similarly, the ambulance statement lists "Total Charges" of $991.28 followed by the notation "HARDSHIP WRITE-OFF" and a balance of zero. The hospital never tried to collect payment from the estate or family.**³**  The Gibson Estate appealed to the Ninth Circuit, raising a single issue: whether the Estate was entitled to damages for the written-off medical and ambulance expenses.

## IV.    Explanation of Certification

In Federal Tort Claims Act actions, we apply the law of the state "where the act or omission occurred."  28 U.S.C. § 1346(b)(1); *F.D.I.C. v. Meyer*, 510 U.S. 471, 478 (1994). The negligent acts in this case occurred in Montana. Consequently, Montana law applies to this case.

The Montana Legislature recently revised Mont. Code Ann. § 27-1-308(3) (2021) to provide that a jury cannot consider "charges for medical services or treatment that were included on health care providers' bills but resolved by way of contractual discount, price reduction, disallowance, gift,

---

**²** The total medical expenses included a $164,670.22 medical bill from St. Vincent Hospital and a $991.28 bill for the ambulance service. The district court and parties all state that the medical expenses totaled $165,651.50, which appears to be a minor miscalculation.

**³** At oral argument, the Gibson Estate conceded that the hospital did not reserve a right to collect payment for the charitable care write-off in the event the Estate recovered from a third-party tortfeasor.    In supplemental briefing, the Gibson Estate asserted there is no evidence that the hospital forfeited any subrogation rights, but presented no affirmative evidence that the hospital retained a subrogation right.

write-off, or otherwise not paid." The revised statute, however, only "applies to claims that accrue on or after" the effective date of the act, April 30, 2021. 2021 Mont. Laws Ch. 327 § 6. Because the Estate's claim accrued prior to April 30, 2021, the revised statute does not apply to this case.

Montana law prior to the enactment of Mont. Code Ann. § 27-1-308 (2021) provides little guidance on how to approach the certified questions, and no precedent by the Montana Supreme Court directly addresses the issues at hand. The Montana Supreme Court has held in other contexts that tort plaintiffs should not receive a windfall recovery by recovering damages in excess of medical expenses, *Newbury v. State Farm Fire & Cas. Ins. Co.*, 184 P.3d 1021, 1029 (Mont. 2008); *Conway v. Benefis Health Sys., Inc.*, 297 P.3d 1200, 1207 (Mont. 2013), and Montana tort law "works to ensure that an award of damages restores an injured party as near as possible to the party's pre-tort position—no better, no worse," *Lampi v. Speed*, 261 P.3d 1000, 1004 (Mont. 2011). There is no controlling precedent from the Montana Supreme Court, however, that answers the certified questions.

First, the Montana Supreme Court has not addressed whether a charitable write-off of medical expenses can be recovered as damages. *Cf. Meek v. Mont. Eighth Judicial Dist.*, 349 P.3d 493, 494–95 (Mont. 2015) (holding that a full hospital bill was admissible as evidence, but declining to address whether a plaintiff could recover damages for the full bill when the hospital had accepted a lower payment from Medicare and an insurer as payment in full). Second, the Montana Supreme Court has not addressed whether write-offs are subject to Montana's collateral source rule. *See id.* at 496 (explaining that "payments made by Medicare to satisfy the providers' billings are clearly a collateral

source" but not addressing whether the written-off portion of the medical bill was similarly a collateral source). Further, we are unaware of any precedent interpreting the gifts or gratuitous assistance exception under Mont. Code Ann. § 27-1-307(1)(c). The Restatement (Second) of Torts § 920A, which the Montana Supreme Court has relied upon in a different context, *see Five U's, Inc. v. Burger King Corp.*, 962 P.2d 1218, 1220–21 (Mont. 1998), also suggests that the fact a hospital wrote off a bill will not prevent a plaintiff from recovering the reasonable value of medical expenses. Restatement (Second) of Torts § 920A cmt. c(3) (Am. Law Inst. 1979) ("[T]he fact that the doctor did not charge for his services . . . does not prevent [the plaintiff's] recovery for the reasonable value of the services.").

We thus respectfully ask the Montana Supreme Court to exercise its discretionary authority to accept and decide these certified questions. If the court decides that the questions presented are inappropriate for certification, or declines the certification for any other reason, we request that it so state, and we will resolve the questions according to our best understanding of Montana law.

The Clerk of this court shall file a certified copy of this order with the Montana Supreme Court under Montana Rule of Appellate Procedure 15(5). This appeal is withdrawn from submission and will be submitted following receipt of the Montana Supreme Court's opinion on the certified questions or notification that it declines to answer the certified questions. The panel shall retain jurisdiction over further proceedings in this court. The parties shall notify the Clerk of this court within one week after the Montana Supreme Court accepts or rejects certification. In the event the Montana Supreme Court grants certification, the parties

shall notify the Clerk within one week after the court renders its opinion.

The Clerk of this court shall administratively close this case pending further court order.

**CERTIFICATION REQUESTED; SUBMISSION VACATED.**