NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 28 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BARBARA A. GIBSON, as Personal Representative of the Estate of Johnny G. Gibson, and for herself; et al., <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant-Appellee. | No. 20-35333 <br><br> D.C. No. 4:18-cv-00112-BMM <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Argued and Submitted March 5, 2021
Submission Vacated June 22, 2021
Resubmitted December 27, 2021
Portland, Oregon

Before: BOGGS,** PAEZ, and WATFORD, Circuit Judges.

The estate of Johnny Gibson and his surviving relatives—his wife, Barbara,

and his two adult children, Dixie Lee and John Travis—appeal from the district

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

court's denial of damages for medical expenses in a wrongful death and survivorship action. The hospital and ambulance provider originally billed Gibson a total of $165,661.50, but both the hospital and ambulance provider forgave the bills in full as part of their charity programs.[1] The district court awarded $578,248 in damages to Johnny Gibson's estate and his surviving family members but declined to award damages for the written-off medical expenses.

Noting the absence of any Montana Supreme Court decisions directly addressing whether a plaintiff may recover written-off medical expenses under Montana law, we certified the question to that court. *Gibson v. United States*, 1 F.4th 1129, 1129 (9th Cir. 2021). In response, the Montana Supreme Court held that "[b]ecause the written-off costs of medical services were never a detriment the Estate suffered from the Government's negligence," Gibson may not recover for those expenses. *Gibson v. United States*, 2021 MT 309, ¶ 21, --- P.3d ---. The court further held that Montana's then-applicable statute requiring the reduction of damages due to a collateral source, *see* Mont. Code Ann. § 27-1-308 (2019), "simply has no application" to this case because there was no payment involved here. *Id.* at ¶ 27. The district court was therefore correct to deny Gibson damages

---

[1] The total medical expenses included a $164,670.22 medical bill from St. Vincent Hospital and a $991.28 bill for the ambulance ride. The district court and parties all state that the medical expenses totaled $165,651.50, which appears to be a minor miscalculation.

for medical expenses.

**AFFIRMED.**