FILED

09/13/2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0128

DA 16-0128

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 227N

BRYAN KRONE,

        Plaintiff and Appellant,

  v.

CITY OF ROUNDUP,

        Defendant and Appellee.

APPEAL FROM:     District Court of the Fourteenth Judicial District,
                    In and For the County of Musselshell, Cause No. DV 15-12
                    Honorable Jon A. Oldenburg, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                Jack R. Stone, Attorney at Law, Lewistown, Montana

        For Appellee:

                Jared S. Dahle, Nelson & Dahle, P.C., Billings, Montana

Submitted on Briefs:   August 3, 2016

Decided:   September 13, 2016

Filed:

                                _____
                                     Clerk

Justice Patricia Cotter delivered the Opinion of the Court.

¶1   Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2   Bryan Krone appeals from a February 2016 order of the Fourteenth Judicial District Court, Musselshell County, granting the City of Roundup's Motion for Summary Judgment and denying Krone's Motion for Summary Judgment.  We affirm.

¶3   This case stems from the circumstances surrounding a lightning-caused structure fire at Krone's residence in Roundup on July 27, 2013.  The Roundup Volunteer Fire Department arrived on scene and immediately initiated fire suppression in the attic of the residence, initially using 1500 gallons of water carried on the trucks.  Krone alleges that when the firefighters attempted to hook their hoses up to the fire hydrant for additional fire suppression, the hydrant spewed dark colored water that eventually became mud.  He argues that the resulting lack of water necessary to allow suppression of the fire caused his house to burn and is evidence that the City of Roundup breached its duty to maintain the fire hydrant in a good and workable condition.  Krone moved for summary judgment on the issue of the City's negligence on the theory that the City was subject to suit under Article II, Section 18 of the Montana Constitution.  The City of Roundup moved for summary judgment contending that Krone could not establish a prima facie case of

2

negligence against the City, and that the public duty doctrine applied to prevent the City from being found to have owed a duty to Krone under the facts of the case.

¶4 The District Court granted summary judgment in favor of the City of Roundup and determined that the public duty doctrine shielded Roundup from liability in this case as there were no special circumstances claimed by Krone that would constitute an exception to the doctrine, and that this Court's precedent placed the duties of firefighting directly under the purview of the public duty doctrine.

¶5 We review de novo a district court's grant or denial of summary judgment, applying the same criteria of M. R. Civ. P. 56 as a district court. *Pilgeram v. GreenPoint Mortg. Funding, Inc.*, 2013 MT 354, ¶ 9, 373 Mont. 1, 313 P.3d 839 (citation omitted). We review a district court's conclusions of law to determine whether they are correct and its findings of fact to determine whether they are clearly erroneous. *Pilgeram*, ¶ 9 (citation omitted). Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." M. R. Civ. P. 56(c)(3); *Newman v. Scottsdale Ins. Co.*, 2013 MT 125, ¶ 20, 370 Mont. 133, 301 P.3d 348 (citations omitted).

¶6 In response to a motion for summary judgment, the non-moving party must provide material and substantial evidence setting forth specific facts to raise a genuine issue of material fact, rather than relying upon speculative, conclusory, or fanciful statements. *Hiebert v. Cascade Cty.*, 2002 MT 233, ¶ 21, 311 Mont. 471, 56 P.3d 848 (citations omitted). All reasonable inferences that may be drawn from the offered

evidence should be drawn in favor of the party opposing summary judgment; however, "[s]ummary judgment cannot be defeated by unsupported speculation." *Knucklehead Land Co. v. Accutitle, Inc.*, 2007 MT 301, ¶ 26, 340 Mont. 62, 172 P.3d 116.

¶7 Under the facts of this case, we find it unnecessary to reach the merits of the District Court's determination that the public duty doctrine worked to preclude any liability owed on the part of the City of Roundup to Krone. The City of Roundup, through affidavit and otherwise, has presented sufficient evidence to determine that, by the time the 1500 gallons of water carried on the trucks was exhausted, there was no possibility that Krone's residence could have been saved. We summarize the City's evidence as follows.

¶8 By the time F46, the support truck carrying 1,000 of the 1,500 gallons initially used in fire suppression efforts, arrived on scene, "the attic of the home was mostly engulfed." After the arrival of F46, firefighter Glen Russell removed a ceiling fan, obtained line of sight into the attic, and stated that, at that point, the attic was fully involved. Throughout the initial fire suppression efforts, power to the home remained active, forcing the firefighters to fight the fire solely from the exterior of the residence due to safety concerns. Through affidavit, the City of Roundup states that the attic area was fully involved and the ceilings were beginning to collapse before any attempt to introduce water from the hydrant was made.

¶9 Further, the City of Roundup presented expert testimony that the house fire was a loss from the time of arrival to full extinguishment. The City's expert stated that "if 1500 (fifteen hundred) gallons of water (approximately 12,495 pounds, twelve thousand four

hundred ninety five pounds) did not reduce or extinguish [the] fire, it is apparent that the seat of the fire had sufficient fire loading at that time, that it had grown, to such a point that even with additional gallons of water, (from any source, tenders, water lines etc.) firefighters would not have been able to extinguish the fire and the home and its [contents] would have been a total loss, either by fire, smoke damage and/or suppression efforts, even with any additional water supplies."

¶10 Krone does not allege that the City of Roundup's firefighters acted negligently in fighting the fire. Further, Krone presents no evidence, besides eyewitness accounts of smoke issuing from the attic for a period of time, that either supports his motion for summary judgment by establishing that the allegedly non-working fire hydrant was the cause of his damages or undercuts the City of Roundup's affidavit evidence or expert testimony. In light of Krone's inability to refute the City's well-documented factual conclusion that the house could not have been saved even if the fire hydrant had been in working order, we conclude that Krone did not raise an issue of material fact requiring a trial even if he was able to demonstrate that the City owed him a duty.

¶11 Therefore, while we decline to reach the merits of the District Court's application of the public duty doctrine, we affirm the District Court's ruling on the cross motions for summary judgment for the reasons stated above.

¶12 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for unpublished opinions. In the opinion of this Court, this case presents a question controlled by settled law.

5

¶13 Affirmed.

/S/ PATRICIA COTTER

We Concur:

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ LAURIE McKINNON
/S/ MICHAEL E WHEAT
/S/ JAMES JEREMIAH SHEA
/S/ JIM RICE