FILED

02/21/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0321

DA 16-0321

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2017 MT 31

BANK OF AMERICA, N.A.,

      Plaintiff and Appellee,

   v.

SUSAN JANE ALEXANDER,

      Defendant and Appellant.

APPEAL FROM:     District Court of the Twenty-First Judicial District,
In and For the County of Ravalli, Cause No. DV 2015-171
Honorable James A. Haynes, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Brian J. Miller, Morrison, Sherwood, Wilson & Deola, PLLP, Helena, Montana

      For Appellee:

          Mark D. Etchart, Browning, Kaleczyc, Berry & Hoven, P.C., Helena, Montana

Submitted on Briefs:  December 14, 2016

Decided:  February 21, 2017

Filed:

                               Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1     Susan Jane Alexander (Alexander) appeals from an order granting summary judgment in favor of Bank of America, N.A. (BANA).  We affirm.

## ISSUES PRESENTED

¶2     Alexander raises numerous issues on appeal.  We restate the issues as follows:

     *1.   Whether BANA was entitled to summary judgment and a writ of assistance based on unlawful detainer;*

     *2.  Whether Alexander sufficiently set forth a claim of fraud;*

     *3.  Whether Alexander's claims of breach of written or oral contract are barred by the statute of limitations;*

     *4.   Whether Alexander's claims of breach of oral agreement are barred by the statute of frauds; and*

     *5.   Whether Alexander properly alleged and offered supporting evidence for her claim of unjust enrichment.*

## FACTUAL AND PROCEDURAL BACKGROUND

¶3     On December 22, 2005, Alexander and her husband wanted to refinance their home located in Victor, Montana, at 1379 Bourne Ridge Road (Property) to obtain a $336,000 loan (Loan) for an addition and remodeling of the Property.  Alexander quitclaimed her interest, right, and title in the Property to her husband, who was the borrower on the loan.  The Loan was secured by the Property.  Alexander maintained that BANA assured her she would not be losing any interest in the Property.  In connection with the Loan, Alexander's husband executed a promissory note (Note) and a deed of trust (Deed of Trust), which was recorded in the Ravalli County Clerk and Recorder's

Office on December 28, 2005. On December 22, 2005, Alexander's husband quitclaimed his interest in the Property to himself and Alexander as joint tenants.

¶4 On December 27, 2006, Alexander's husband died. Following his death, Alexander alleges that BANA told her to continue to make payments and that she would be able to assume and modify the loan in her own name. Alexander claims she made numerous payments on the Loan. The Loan went into default, however, on September 1, 2009. The default was not cured and BANA began foreclosure proceedings. On April 21, 2014, a Notice of Trustee's Sale was recorded in the Ravalli County Clerk and Recorder's Office. Alexander was served by BANA with the Notice of Trustee's Sale on April 22, 2014.

¶5 On August 28, 2014, a trustee's sale was called at the Ravalli County Courthouse located at 205 Bedford, Hamilton, Montana, and the Property was sold to BANA. A Trustee's Deed was recorded on September 3, 2014, confirming the sale to BANA. On March 4, 2015, a Notice to Quit was served on Alexander, listing her as "female occupant" of the Property. Nonetheless, Alexander continued to reside on the Property and refused BANA's demand to vacate the Property. On May 13, 2015, BANA filed a complaint for unlawful detainer in the District Court.

¶6 Alexander, representing herself, filed an answer and asserted, in a separate pleading, three counterclaims: breach of contract, breach of oral agreement, and a claim of frivolous litigation. Although Alexander referred to BANA's actions as fraudulent throughout her pleadings and counterclaims, Alexander never alleged a distinct and separate claim of fraud. Alexander's primary contention regarding fraud was that the

3

foreclosure sale never took place. After the court granted Alexander's motion for a more definite statement, which Alexander filed contemporaneously with her answer, BANA filed an Amended Complaint for unlawful detainer and moved for summary judgment. Alexander also moved for summary judgment on October 16, 2015. During a hearing held December 2, 2015, the District Court addressed two issues which it decided required supplemental briefing. One issue concerned a June 2013 letter from the United States Department of Justice, Civil Rights Division, Housing and Civil Enforcement, addressed to Alexander's husband as the borrower on the Loan. The letter stated, in part:

> [Y]our spouse may have been encouraged or required to sign a document, often called a quitclaim deed or an interspousal transfer deed, that gave up all of his or her rights or interests in the property in the process of your getting this loan. If that happened, he or she may be eligible for assistance reclaiming those property rights on a cash payment.

Alexander never submitted a claim pursuant to the June 2013 letter identifying a settlement and Consent Order between the Department of Justice and the lender. Pursuant to the terms of the Consent Order, the eligibility of a non-borrower spouse for potential settlement proceeds had to be reviewed and required submittal of a claim by July 31, 2013.

¶7 The second issue addressed in the parties' supplemental briefing concerned the submission by Alexander of the Declaration of Rosemarie Ellen Kleber (Kleber). Kleber's affidavit alleged that "no [sheriff's] sale was held at the main entrance of the [Ravalli] courthouse on August 28, 2014."

¶8 On January 26, 2016, after considering all of Alexander's arguments, supplemental briefing, and affidavits from the parties, the District Court denied summary

4

judgment to Alexander and granted summary judgment in favor of BANA. The District Court concluded that the foreclosure sale was valid and that Alexander was unlawfully holding possession of the Property. The District Court also concluded that Alexander's counterclaims were either barred by the statute of limitations or statute of frauds, and that there was a complete lack of supporting evidence for any of her claims.

## STANDARD OF REVIEW

¶9 "We review a district court's grant of summary judgment de novo, applying the same criteria as the district court." *McCulley v. American Land Title Co.*, 2013 MT 89, ¶ 11, 369 Mont. 433, 300 P.3d 679. Summary judgment is appropriate where no genuine issues of material fact exist and where the moving party is entitled to judgment as a matter of law. *Clark v. Eagle Sys.*, 279 Mont. 279, 283, 927 P.2d 995, 997 (1996). Further, we do not consider issues that were not raised at the district court level. *Wicklund v. Sundheim*, 2016 MT 62, ¶ 26, 383 Mont. 1, 376 P.3d 403. For actions based on breach of contract founded upon an instrument in writing, the statute of limitations is eight years. Section 27-2-202(1), MCA. For actions based on breach of contract not founded upon an instrument, the statute of limitations is five years. Section 27-2-202(2), MCA.

## DISCUSSION

¶10 We first address a preliminary issue raised by Alexander, who is now represented by counsel. Alexander argues on appeal, citing *Pilgeram v. GreenPoint Mortgage Funding, Inc.*, 2013 MT 354, 373 Mont. 1, 313 P.3d 839, that BANA never established the validity of the assignment from the originator of the Loan to BANA. BANA

responds that this issue was not raised in the District Court and suggests that the District Court's failure to address the issue in its order granting summary judgment to BANA is confirmation that it was not raised. BANA asserts that Alexander's arguments in the District Court were lengthy and confusing. Nonetheless, BANA maintains that primarily Alexander's challenge was not to the validity of any transfer or assignment, but rather with whether the foreclosure sale took place at all. BANA also maintains that Alexander's opening brief does not comply with M. R. App. P. 12 in that it fails to cite to the record and refers to Alexander's briefs as record evidence. In Alexander's reply brief, Alexander recites from portions of her trial briefs and motions, primarily her motion for more definite statement, and attempts to piecemeal together a challenge to the validity of the assignment. The District Court concluded that it need not further address the substance of Alexander's motion for a more definite statement because Alexander, rather than waiting to file a responsive pleading as M. R. Civ. P. 12(e) requires, filed her answer and counterclaims contemporaneously with her motion for a more definite statement. The District Court, therefore, found it was not necessary to address any potential claims which may have been contained in Alexander's motion for more definite statement, as Alexander had already filed a responsive pleading.

¶11 After considering the pleadings filed by Alexander in the District Court, as well as the District Court's reliance on M. R. Civ. P. 12(e) and its significant effort to consider all potential arguments made by Alexander, we conclude that the validity of the transfer was not adequately raised before the District Court. We reach such a determination even after giving Alexander the flexibility and latitude we normally try to accord

6

self-represented litigants. We will not consider Alexander's challenge to the validity of the assignment from the originator of the Loan to BANA.[1]

¶12 *1. Whether BANA was entitled to summary judgment and a writ of assistance based on unlawful detainer.*

¶13 Section 71-1-319, MCA, provides that the purchaser of property at a trustee's sale "shall be entitled to possession of the property on the 10th day following the sale," and that "any persons remaining in possession . . . shall be deemed to be tenants at will." Further, § 71-1-318, MCA, provides that the recordation of the trustee's deed constitutes prima facie evidence of the truth of the matters asserted therein and operates to convey all right, title, and interest to a successor in interest. Aside from Alexander's argument regarding the validity of the Loan's assignment, Alexander does not challenge BANA's right to foreclose, but argues instead that the 2014 foreclosure sale never took place. Alexander concedes that she remained in possession of the Property after the foreclosure sale and BANA became the rightful owner. Thus, the issue is whether there was a genuine dispute of fact regarding whether the foreclosure sale took place as provided in the Notice of Trustee's Sale. If the foreclosure sale occurred and is valid, then Alexander had committed an unlawful detainer pursuant to §§ 71-1-318 and -319, MCA, by her refusal to vacate the Property.

---

[1] Alexander confuses standing to raise an issue with the failure to raise an issue during the pendency of the trial court proceedings. The District Court found that Alexander had standing to challenge the foreclosure sale. However, Alexander failed to adequately raise the issue of the Loan's assignment in her responsive pleading or succinctly, for that matter, anywhere. Thus, she had standing to challenge the foreclosure sale, and did. She did not, however, raise the issue of a defect in the Loan's assignment.

¶14 In support of her argument, Alexander submitted the affidavit of Kleber, which states that Kleber attempted to attend the sale, but saw no sale take place. More specifically, Kleber averred that she "waited on the entrance stairs as stated on the Notice of Trustee's sale . . .," that she "waited [until] approximately 11:30 AM MST . . .," and that she "witnessed . . . no sale being held, and [no] trustee on site." The District Court took judicial notice of the fact that the Ravalli County Courthouse located at 205 Bedford in Hamilton has no steps at its entrance. Ultimately, the District Court found Kleber's affidavit was not credible. In addition, BANA filed affidavits of Jeff Stenman (Stenman), the vice president of Northwest Trustee Services, Inc. and the non-judicial trustee of the Property, and Sean R. Cloninger (Cloninger), the process server and the lead representative on the Non-Judicial Trustee's Foreclosure Team at Equity Management, Inc. Considering the affidavits together, the District Court found they gave a detailed and accurate account of the Property's sale on August 28, 2014, at the Ravalli County Courthouse. The District Court concluded that Kleber's affidavit was fatally flawed and that Alexander had failed to present any credible evidence in support of her argument. The District Court granted summary judgment to BANA on its complaint of unlawful detainer. In considering the record de novo, we conclude the District Court did not err in finding there was no genuine dispute of fact regarding the location and time of the trustee's sale and that it did, in fact, occur. The District Court did not err in concluding that the foreclosure sale was valid and that BANA was entitled as a matter of law to judgment on its complaint of unlawful detainer.

¶15   *2. Whether Alexander sufficiently averred a claim of fraud.*

¶16   On appeal, Alexander argues that BANA assured her at the refinancing closing in 2005 that she would not be divested of her interest in the Property and that she did not know at the 2005 closing that she was giving up an interest in the Property. Alexander also argues that BANA represented at times it would allow her to assume the Loan, and then at other times she could not. According to Alexander, this pattern continued right up until the time of foreclosure.

¶17   Alexander never asserted a separate count alleging fraud. The District Court found that throughout her counterclaims Alexander "generically" referenced fraud, but that such "allusions to fraud are insufficient." The District Court determined the basis of any fraud claim was entirely unclear, and that random references were insufficient.

¶18   We agree. Although the conditions of a person's mind may be alleged generally when averring fraud, "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake must be stated with particularity." M. R. Civ. P. 9(b); *See also Western Sec. Bank v. Edie Baill, LLP*, 2010 MT 291, ¶ 50, 359 Mont. 34, 249 P.3d 35 ("We reject Glacier's argument that all the elements of fraud sprinkled throughout general averments in its complaint rise to a degree sufficient to have provided Edie with notice of its intent to raise a fraudulent misrepresentation claim."). We have held that to survive a motion for summary judgment, a party alleging fraud must establish a prima facie case by providing evidence of the following elements:

> (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that it should be acted upon by the person and in the manner reasonably

contemplated; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance upon its truth; (8) the right of the hearer to rely upon it; (9) the hearer's consequent and proximate injury or damage.

*Stanley v. Holms*, 1999 MT 41, ¶ 33, 293 Mont. 343, 975 P.2d 1242.

¶19    Here, Alexander's general allegations of fraud, appearing within other claims and never having been specifically alleged, were insufficient to satisfy the particularity required to plead fraud. Alexander does not identify specific statements that are fraud, the speakers of the alleged statements, the falsity of the alleged statements, the speaker's intent, her ignorance of the truth, her reliance on the statements, or her damages flowing from the alleged false statements. The District Court correctly concluded that Alexander failed to state a claim for fraud based on this record.

¶20    *3. Whether Alexander's claims of breach of written or oral contract are barred by the statute of limitations.*

¶21    It is unclear, both during the trial court proceedings and on appeal, whether Alexander is alleging breach of an oral contract or a written contract, or both. Assuming that Alexander is alleging breach of a written contract premised upon the 2005 refinancing documents, Alexander appears to claim that the written documents improperly divested her of her interest in the Property. While it is unclear exactly how such an allegation supports a claim of breach of a contract, the statute of limitations for actions based on breach of contract founded upon an instrument in writing is eight years. Section 27-2-202(1), MCA. For actions based on breach of contract not founded upon an instrument, the statute of limitations is five years. Section 27-2-202(2), MCA. Thus, to the extent Alexander bases her breach of contract claim, whether written or oral, on some

10

agreement arising out of the 2005 closing of the Loan, her claim is barred by the applicable statute of limitations.

¶22 Alexander describes, however, a purported breach based on her being promised that she would not lose an interest in the Property as part of the 2005 closing and that she did not discover the breach until 2013 when the Department of Justice letter notified borrowers that the practices conducted during the 2005 time period by lenders may be discriminatory. Causes of action for breach of contract accrue upon the breach. *Textana, Inc. v. Klabzuba Oil & Gas*, 2009 MT 401, ¶ 35, 353 Mont. 442, 222 P.3d 580. Here, Alexander quitclaimed her interest in the Property at the 2005 closing and any alleged breach of contract based on divestiture of her interest would have occurred then. To the extent Alexander alleges formation of an oral agreement based on representations made by BANA following the 2005 closing, the latest the statute of limitations would have begun to run was in 2009, when foreclosure proceedings against Alexander were initiated by BANA. Pursuant to either scenario, a breach of contract claim is barred by the applicable statute of limitations. Moreover, even if the discovery rule applied to a breach of contract claim, which it does not, Alexander knew she was losing her interest in the Property when she executed the quitclaim deed to facilitate closure of the Loan. The District Court did not err under the facts of this case when it concluded the 2013 letter from the Department of Justice was irrelevant to the accrual of an action for breach of contract. Alexander's alleged breach of contract, whether founded on a written instrument or not, is barred by the applicable statute of limitations.

11

¶23 *4. Whether Alexander's claims of breach of oral agreement are barred by the statute of frauds.*

¶24 Alexander maintains that BANA represented to her up until the time of foreclosure that if she continued to make payments she could assume and modify the loan in her name. Alexander appears to argue the existence of an oral agreement which was breached upon the foreclosure sale in August of 2014, and therefore is not barred by the five year period of limitations applicable to a breach not founded upon an instrument in writing. Section 27-2-202(2), MCA.

¶25 To the extent, however, that Alexander may be arguing that there was an oral agreement to modify the Loan, such a claim is barred by the statute of frauds. Section 71-1-203, MCA. An oral agreement to modify a loan falls within the statute of frauds and requires that the modification be in writing. *Morrow v. Bank of America, N.A.*, 2014 MT 117, ¶ 28, 375 Mont. 38, 324 P.3d 1167. Any effort to modify the Loan by Alexander must be in writing. Thus, although perhaps not barred by the statute of limitations, such a claim for breach of an oral agreement to modify or assume the Loan is barred by the statute of frauds.

¶26 *5. Whether Alexander properly alleged and offered supporting evidence for her claim of unjust enrichment.*

¶27 To survive a motion for summary judgment on a claim of unjust enrichment, a plaintiff must be able to demonstrate the existence of each element necessary to support her claim. A claim of unjust enrichment is premised upon the following:

> The doctrine of unjust enrichment is an equitable means of preventing one party from benefiting from his or her wrongful acts. Among other things, a claim of unjust enrichment requires a plaintiff to show the element of

12

misconduct or fault on the part of the defendant or that the defendant somehow took advantage of the plaintiff.

*Estate of Pruyn v. Axmen Propane, Inc.*, 2009 MT 448, ¶ 64, 354 Mont. 208, 223 P.3d 845 (citation omitted). Further, unjust enrichment is an obligation created when there is an absence of a contract between the parties. *Pruyn*, ¶ 63; *See also Ryffel Family P'ship v. Alpine Country Constr., Inc.*, 2016 MT 350, ¶ 33, 386 Mont. 165, 386 P.3d 971. Although Alexander alleged a separate counterclaim of unjust enrichment, she did not provide the District Court with any evidence in support of her allegation. While we recognize the challenges that a self-represented litigant faces, we cannot fault the District Court for granting summary judgment against a claim completely devoid of any supporting evidence.

## CONCLUSION

¶28 The judgment of the District Court is affirmed.

/S/ LAURIE McKINNON

We Concur:

/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ BETH BAKER
/S/ JIM RICE

13